■ MICHAEL J. FAZIO, Plaintiff, v BARNETT FREEDMAN et al., Defendants and Third-Party Plaintiffs-Respondents, STUART E. LIEBOWITZ, Third-Party Defendant-Appellant, et al., Defendants.—In a mortgage foreclosure action in which, by a third-party action, defendants Freedman *inter alia* seek exoneration, the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County, entered February 8, 1977, as denied his motion to dismiss the third-party complaint pursuant to CPLR 1003. Order affirmed insofar as appealed from, with $50 costs and disbursements. The third-party plaintiffs and the third-party defendant agreed to guarantee a loan made by plaintiff to Claridge Travel, Inc. They also agreed to execute bonds in the amount of $85,000, and mortgages on their respective homes. The indemnity agreement provided that the balance of principal and interest would become due if Claridge defaulted in its payments to plaintiff. Upon Claridge's default, plaintiff commenced an action for foreclosure and a deficiency judgment against the third-party plaintiffs who, in turn, sought exoneration from the third-party defendant, their cosurety. The third-party defendant moved to dismiss the

third-party complaint pursuant to CPLR 1003 on the ground that he was not a proper party defendant. The motion was denied by Special Term. Depending upon the terms of the agreement, if any, between the cosureties, when the third-party plaintiffs pay a judgment to plaintiff, the third-party defendant will become liable to them for contribution or for complete indemnity (see 57 NY Jur, Suretyship and Guaranty, §§ 339, 373). The third-party defendant was properly impleaded pursuant to CPLR 1007, since he is a party who is or may be liable to the third-party plaintiffs for all or part of their liability to plaintiff. Appellant's reliance upon CPLR 1003 is misplaced. That section bars dismissal of actions on the ground of misjoinder. It is also clear that sections 1311 and 1313 of the Real Property Actions and Proceedings Law only apply to the main action for foreclosure; they do not apply to third-party actions for indemnity and contribution. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.